## Hutchinson *v.* Dugan, Appellant.

*Contract — Course of dealing — Insurance broker — Action for premiums—Evidence.*

In an action of assumpsit where the plaintiff declares on book account for premiums due on insurance policies and surety bonds, and it appears that the plaintiff was a general agent for several companies, and the defendant was an insurance broker, a judgment on a verdict for plaintiff will be sustained where four of plaintiff's witnesses testified that usually, in the insurance business, the premiums were charged to the broker, policies were sent to him, the general agent had no dealings with the insured, and the plaintiff and defendant had so dealt with each other for three or four years, and settlement had been made by defendant on this basis by monthly payments.

In such a case, the contract being established, it is competent to show that a certain course of dealing was usually followed in the business and that it had been followed in this particular case.

42 HUTCHINSON *v.* DUGAN, Appellant.

Argued Dec. 9, 1918. Appeal, No. 195, Oct. T., 1918, by defendant, from judgment of Municipal Court, Philadelphia Co., May T., 1917, No. 620, on verdict for plaintiff in case of Hutchinson, Rivinus & Co. v. G. Washington Dugan. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for premiums. Before KNOWLES, J.

Verdict and judgment for plaintiff for $222.17. Defendant appealed.

*Errors assigned* were (1-3) admission of evidence as to a custom in the insurance business relating to the payment of premiums by insurance brokers to the general agents of insurance companies.

*Fred J. Knaus,* with him *Regnault Johnson,* for appellant.—If there is a contract, usage or custom may be shown to be a part of it or to interpret it, but "usage or custom cannot create a contract, bring one into being, where without it none exists: Meighen v. Bank, 25 Pa. 288; Addison v. Wanamaker, 185 Pa. 536; Haines v. Roberts, 57 Pa. Superior Ct. 227; Tilly v. Cook, 103 U. S. 155.

*Lincoln L. Eyre,* with him *Allen Spangler* and *George Cascaden,* for appellees, cited: Elkins v. Susquehanna Mut. Fire Ins. Co., 113 Pa. 386; Lebanon Mut. Ins. Co. v. Hoover, 113 Pa. 591; Helme v. Philadelphia Life Ins. Co., 61 Pa. 107; First National Bank v. Fiske, 133 Pa. 241.

OPINION BY WILLIAMS, J., January 3, 1919:

Plaintiff declared on a book account for premiums due on insurance policies and surety bonds. Defendant was an insurance broker and plaintiff was general agent for several companies. Four of plaintiff's witnesses testified that usually, in the insurance business, the premiums

were charged to the broker, the policies were sent to him, and the general agent had no dealings with the insured. There was testimony that plaintiff and defendant had so dealt with each other for three or four years, and settlement had been made by defendant on this basis by monthly payments. There was a verdict and judgment for plaintiff, and defendant appealed.

The testimony of plaintiff's witnesses, if believed, established a contractual relation to procure insurance business, and it was competent to show that a certain course of dealing was usually followed in the business, and that it was followed in this particular case.

The judgment is affirmed.